| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:16-cv-01307-CAS(AJWx) | Date | September 28, 2017 |
| Title | PHL VARIABLE INSURANCE COMPANY V. CRESCENT FINANCIAL & INSURANCE AGENCY, INC. ET AL | | |

| | | |
|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | |
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) – PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST CRESCENT FINANCIAL & INSURANCE AGENCY, INC. (Filed September 1, 2017, Dkt. 37)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; CD. Cal. L.R. 7–15. Accordingly, the hearing date of October 2, 2017 is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION & BACKGROUND

On February 25, 2016, plaintiff PHL Variable Insurance Company ("PHL") brought this action against defendants Crescent Financial & Insurance Agency, Inc. ("Crescent") and Michael C. Monday, Crescent's director. Plaintiff asserts seven claims: (1) breach of contract, (2) conspiracy to defraud, (3) negligent misrepresentation, (4) intentional misrepresentation, (5) unjust enrichment, (6) imposition of constructive trust, and (7) unfair business practices in violation of California's Unfair Competition Law, California Business and Professions Code §§ 17200 et seq. The gravamen of the complaint is that defendants operated a premium finance and rebating scheme in violation of a "Producer Agreement" with PHL and defaulted on their obligations to repay unearned commissions on the balance of insurance policies that had lapsed within a year of issuance. Dkt 1 (Compl.).

On May 16, 2017, the Court found good cause to permit counsel for both Crescent and Monday to withdraw. Dkt. 27. In its May 16, 2017 order, the Court noted that Crescent, which is a corporate entity, cannot appear pro se. See C.D. Cal. L.R. 83–2.2.2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:16-cv-01307-CAS(AJWx) | Date | September 28, 2017 |
|---|---|---|---|
| Title | PHL VARIABLE INSURANCE COMPANY V. CRESCENT FINANCIAL & INSURANCE AGENCY, INC. ET AL | | |

Accordingly, the Court ordered counsel to notify Crescent that its failure to retain new counsel or otherwise respond with 30 days may result in the imposition of sanctions or the entry of default. Dkt. 27-2. On July 13, 2017, upon finding that Crescent failed to comply with the Court's May 16, 2017 order, the Court ordered Crescent to show cause no later than July 28, 2017 why its answer should not be stricken and default entered against it. Dkt. 32. Crescent did not file a response to the Court's order to show cause. On August 15, 2017, the Court consequently struck Crescent's answer and directed plaintiff to seek entry of default and a default judgment. Dkt. 35.

On September 1, 2017, plaintiff filed the instant motion concurrently requesting entry of default and applying for an entry of default judgment against Crescent. Dkt. 37 ("Mot."). Plaintiff seeks $353,269 in damages in additional to attorneys' fees, costs, and interest. Id. at 2. Plaintiff attached the declaration of Nancy Turner, a vice president of PHL, who states that she is familiar with the business records maintained by PHL, including those related to the payment by PHL of commissions to its licensed producers. Id. at 5, Turner Decl. ¶ 4. In support of plaintiff's claim for damages, Turner states that Crescent has retained commissions paid by PHL in the amount of $353,269 despite the lapse of the insurance policies. Id. ¶ 11. A copy of the Producer Agreement signed by Monday was also attached to the motion. Mot. Ex. A. Leonard Brazil, counsel for plaintiff, submitted a declaration made pursuant to Local Rules 55–1 and 55–3, stating, inter alia, that "[n]otice of this motion is being served on Crescent." Mot. at 8, Brazil Decl. ¶ 6.

## II. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55. As a general rule, cases should be decided on the merits as opposed to by default, and therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge Beverly Reid O'Connell & Judge Karen L. Stevenson, California Practice Guide: Federal Civil Procedure Before Trial ¶ 6:11 (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Although the court has discretion to grant or deny a motion for default judgment, the Ninth Circuit has directed that courts consider the following factors in exercising this discretion: (1) the possibility of prejudice to plaintiff; (2) the merits of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-01307-CAS(AJWx) | Date | September 28, 2017 |
| Title | PHL VARIABLE INSURANCE COMPANY V. CRESCENT FINANCIAL & INSURANCE AGENCY, INC. ET AL | | |

plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Before a court can enter default judgment, the plaintiff must satisfy the procedural requirements of Federal Rules of Civil Procedure 54(c) and 55(a), as well as Local Rules 55–1. Local Rule 55-1 requires that an application for default judgment be accompanied by a declaration: (1) indicating when and against what party default has been entered; (2) identifying the pleading as to which default has been entered; (3) indicating whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (4) stating that the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (5) affirming that notice has been served on the defaulting party if required by Rule 55(b)(2). C.D. Cal. L.R. 55-1; see also Fed. R. Civ. P. 55(b)(2) ("If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.").

"Upon entry of default, the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true, with the exception of the allegations as to the amount of damages. Thus, the plaintiff is required to provide proof of all damages sought in the complaint." PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir.1987)). In addition, "[a] judgment by default shall not be different in kind or exceed in amount that prayed for in the [complaint]." Fed. R. Civ. P. 54(c). In determining the appropriate amount of damages, the court may rely on affidavits or documentary evidence submitted by the plaintiff or order a full evidentiary hearing. Fed. R. Civ. P. 55(b)(2). The district court may determine the amount of damages without an evidentiary hearing where "the amount claimed is a liquidated sum or capable of mathematical calculation." Davis v. Fendler, 650 F.2d 1154, 1161 (9th Cir. 1981).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-01307-CAS(AJWx) | Date | September 28, 2017 |
| Title | PHL VARIABLE INSURANCE COMPANY V. CRESCENT FINANCIAL & INSURANCE AGENCY, INC. ET AL | | |

### III. DISCUSSION

As noted above, Crescent is a corporation and therefore may not appear without counsel in federal court. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201–02 (1993); C.D. Cal. R. 83–2.2.2. "When a corporation fails to retain counsel to represent it in an action, its answer may be stricken and a default judgment entered against it." Rojas v. Hawgs Seafood Bar, Inc., No. C08–03819 JF (PVT), 2009 WL 1255538, at *1 (N.D. Cal. May 5, 2009) (citing Emp. Painters' Tr. v. Ethan Enters., Inc., 480 F.3d 993, 998 (9th Cir. 2007) ("[W]e have recognized default as a permissible sanction for failure to comply with local rules requiring representation by counsel.") Due to Crescent's failure to comply with the Court's order to retain counsel and the Court's striking of its answer, Crescent has defaulted in this action. The Court accordingly orders the Clerk to enter default.

However, the Court declines to grant plaintiff's motion for default judgment against Crescent at this juncture for two reasons. First, it is unclear from plaintiff's motion and supporting declarations whether Crescent has been properly notified pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Rule 55–2. Counsel for plaintiff indicated that "[n]otice of this motion *is being served* on Crescent." Brazil Decl. ¶ 6 (emphasis added). "Absent special circumstances, the failure to give necessary notice will require that the default judgment be set aside where attacked on direct appeal or by a motion to vacate the judgment." In re Roxford Foods, Inc., 12 F.3d 875, 881 (9th Cir. 1993). Accordingly, the Court denies the application for default judgment without prejudice because plaintiff does not affirm that written notice *has been served* on Crescent.

Second, the Court requires a more substantial evidentiary showing to prove up the amount of damages requested. See TeleVideo Sys., 826 F.2d at 917–18 (9th Cir.1987) (explaining that Rule 55 "gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment"). The declaration provided by Ms. Turner merely states that Crescent retained $353,269 in commissions paid by PHL on an unidentified number of insurance policies. Turner Decl. ¶ 11. In the Complaint, however, plaintiff prays for damages "not less than $352,109.80." Compl. at 12–13. Plaintiff thus requests a damages award that is greater than the amount prayed for in the complaint, which is not permitted under Federal Rule of Civil Procedure 54(c). Furthermore, neither the complaint nor Ms. Turner's declaration identify how many

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-01307-CAS(AJWx) | Date | September 28, 2017 |
| Title | PHL VARIABLE INSURANCE COMPANY V. CRESCENT FINANCIAL & INSURANCE AGENCY, INC. ET AL | | |

insurance policies lapsed within a year of issuance or the amount of the commission on those policies which Crescent failed to repay. Accordingly, the lump sum requested by plaintiff appears to be speculative without a more substantial evidentiary showing. See, e.g., J & J Sports Prods., Inc. v. Lopez, 2014 WL 1320274, at *3 (N.D. Cal. Apr. 1, 2014) (declining to grant plaintiff's specific request for actual damages at default judgment on the grounds that doing so "would be entirely speculative and otherwise circumvent [p]laintiff's burden to provide the requisite factual and evidentiary predicate for a damages award").

## IV.   CONCLUSION

Court accordingly **ORDERS** the Clerk to enter default against defendant Crescent pursuant to Federal Rule of Civil Procedure 55(a). However, the Court **DENIES** plaintiff's application for entry of default judgment **without prejudice**.

Plaintiff is directed to submit a revised motion for default judgment including (1) a declaration affirming that Crescent has been properly served with notice, Fed. R. Civ. P. 55(b)(2); C.D. Cal. R. 55–1, 55–2; and (2) a more detailed declaration or additional documentary evidence to prove up the amount of damages requested. Plaintiff should identify the number of insurance policies that lapsed within a year of issuance (and, if possible, identify the policies by number and/or insured) in addition to the amount of the commission on each policy that Crescent failed to repay.

**IT IS SO ORDERED**.

| | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |