UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-01307-CAS (AJWx) | Date | March 26, 2018 |
| Title | PHL VARIABLE INS. CO. V. CRESCENT FIN. & INS. AGENCY, INC., ET AL. | | |

Present: The Honorable     CHRISTINA A. SNYDER

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Kendall Burr                                 Not Present

**Proceedings:**     PLAINTIFF'S AMENDED MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT CRESCENT FINANCIAL & INSURANCE AGENCY, INC. (Dkt. 57, filed February 23, 2017)

PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT MICHAEL C. MONDAY (Dkt. 58, filed February 23, 2017)

## I. INTRODUCTION

On February 25, 2016, plaintiff PHL Variable Insurance Company ("PHL") brought this action against defendants Crescent Financial & Insurance Agency, Inc. ("Crescent") and Michael C. Monday ("Monday"), Crescent's director. Dkt. 1 ("Compl."). Plaintiff asserts seven claims: (1) breach of contract, (2) conspiracy to defraud, (3) negligent misrepresentation, (4) intentional misrepresentation, (5) unjust enrichment, (6) imposition of constructive trust, and (7) unfair business practices in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq. Id. The gravamen of the complaint is that defendants operated a premium finance and rebating scheme in violation of a "Producer Agreement" with PHL, breaching their obligation to repay unearned commissions on the balance of insurance policies that had lapsed within a year of issuance. Id.

Defendants initially appeared in the action, represented by counsel, and filed their answer on May 19, 2016. Dkt. 13. However, on May 16, 2017, the Court found good cause to permit counsel for defendants to withdraw and directed Crescent to retain new counsel. Dkt. 27; see C.D. Cal. L.R. 83–2.2.2 (corporate entities may not appear *pro se*).

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-01307-CAS (AJWx) | Date | March 26, 2018 |
| Title | PHL VARIABLE INS. CO. V. CRESCENT FIN. & INS. AGENCY, INC., ET AL. | | |

On July 13, 2017, the Court ordered Crescent to show cause why its answer should not be stricken for failure to retain new counsel. Dkt. 32. On August 15, 2017, the Court struck Crescent's answer after Crescent failed to respond to the order. Dkt. 35.

On September 1, 2017, plaintiff filed a motion seeking entry of default and default judgment against Crescent. Dkt. 37. Although the Court ordered the Clerk to enter default against Crescent, plaintiff's motion for default judgment was denied without prejudice on September 28, 2017, and plaintiff was instructed to submit a revised motion including (1) a declaration affirming that Crescent has been properly served with notice pursuant to Fed. R. Civ. P. 55(b)(2); C.D. Cal. R. 55–1, 55–2; and (2) a more detailed declaration or additional documentary evidence to prove up the amount of damages requested. Dkt. 41.

On August 29, 2017, plaintiff filed a motion to compel responses to discovery requests. Dkt. 36. After defendants failed to oppose, Magistrate Judge Andrew J. Wistrich granted plaintiff's motion and ordered defendants to serve written discovery responses and produce all responsive documents within 14 days. Dkt. 43. Judge Wistrich also awarded plaintiff sanctions in the amount of $1,288. Id. Defendants failed to comply with the order. At the February 12, 2018 pretrial conference, the Court noted defendants' absence and ordered Monday to show cause by February 26, 2018 why his answer should not be stricken for failure to comply with the Court's prior orders. Dkt. 51. Monday has not filed a response to the order to show cause.

On February 23, 2018, plaintiff filed a revised motion for default judgment against Crescent together with a declaration by Nancy Turner, a vice president of PHL, and supporting exhibits. Dkt. 57 ("Default Mot."); dkt 57-1, Declaration of Nancy Turner ("Turner Decl."). Plaintiff concurrently filed a motion for sanctions against Monday, requesting that the Court strike Monday's answer and order the Clerk to enter default against him. Dkt. 58 ("Sanctions Mot.").

The Court held a hearing on March 26, 2018. No appearance by Monday or on behalf of Crescent was made. Having carefully considered plaintiff's arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-01307-CAS (AJWx) | Date | March 26, 2018 |
| Title | PHL VARIABLE INS. CO. V. CRESCENT FIN. & INS. AGENCY, INC., ET AL. | | |

## II. BACKGROUND

PHL is an insurance company that provides variable life insurance. Compl. at 2. PHL sells its insurance products through brokers and agents such as defendants. Id. ¶ 5. Defendants' sale of PHL insurance products is governed by a Producer Agreement, which Monday signed on behalf of Crescent. Id. ¶ 6–7, 11. Under the Producer Agreement, defendants are compensated on a commission basis. Id. ¶ 10.

The commissions paid by PHL are highest in the policy's first year, and decrease substantially every year thereafter. Id. ¶ 12. However, in its first year, the commission defendants received for a given policy often exceeded the amount PHL would receive in first-year premiums for that policy. Id. ¶ 10. For example, if defendants sold a "Phoenix Remembrance Life" policy, with an amount less than or equal to $15,000, the producer would receive a 120 percent commission for the first-year premium, but only five percent for policy years 2–5, two percent for policy years 6–10, and one percent for every year thereafter. Turner Decl., Ex. A. In the event that a policy lapsed within its first year, the Producer Agreement required defendants to pay a "chargeback," i.e., a repayment of the commission they had received for that policy. Id. ¶ 14.

PHL alleges that from 2014 to 2015, defendants operated a premium finance and rebating scheme in violation of the Producer Agreement. Id. ¶ 13. According to PHL, defendants requested policies with high face amounts, requiring extensive and expensive underwriting, in order to take advantage of the annualized commissions. Id. ¶¶ 11, 14. After the policies were issued, defendants allegedly requested that the policies be moved to quarterly billing in order to reduce the number of payments required within the first year. Id. ¶ 14. This had the effect of reducing the number of payments so that PHL would not notice when a given policy had lapsed and they were owed a chargeback by defendants. Id. ¶ 29.

PHL further claims that defendants improperly paid premiums for certain policies to avoid having them lapse before their first-year anniversary. Id. ¶¶ 13–17. Defendants allegedly promised insureds free insurance, submitted applications for individuals who did not want life insurance coverage, and rebated portions of their commissions to pay for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-01307-CAS (AJWx) | Date | March 26, 2018 |
| Title | PHL VARIABLE INS. CO. V. CRESCENT FIN. & INS. AGENCY, INC., ET AL. | | |

premiums—all with the intent of allowing the policies to lapse soon after the first year. Id. ¶ 17. PHL claims that it would not have issued the policies or paid defendants commissions if it knew the truth about their business practices. Id. ¶¶ 17–18. As a result of defendants' alleged misconduct, PHL incurred the costs of underwriting the policies in addition to unpaid chargebacks. Id. ¶ 18. PHL seeks damages in the amount of $352,109.80 in addition to prejudgment interest and attorneys' fees. Default Mot. at 4, 9.

## III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 6:11 (The Rutter Group 2015) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005); see also Sony Music Entertainment, Inc. v. Elias, No. CV03–6387DT(RCX), 2004 WL 141959, *3 (C.D. Cal. Jan. 20, 2004).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:16-cv-01307-CAS (AJWx) | Date | March 26, 2018 |
|---|---|---|---|
| Title | PHL VARIABLE INS. CO. V. CRESCENT FIN. & INS. AGENCY, INC., ET AL. | | |

## IV. DISCUSSION

### A. Application of the Eitel Factors

#### 1. Possibility of Prejudice to the Plaintiff

The first Eitel factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); see also Eitel, 782 F.2d at 1471–72. A plaintiff is prejudiced if the plaintiff would be "without other recourse for recovery" because the defendant failed to appear or defend against the suit. Pepsi, 238 F. Supp. 2d at 1177; see also Phillip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 499 (C.D. Cal. 2003). Given Crescent's failure to retain counsel to defend this suit, plaintiff would be prejudiced if denied a remedy. As a result, the first Eitel factor weighs in favor of entering default judgment.

#### 2. Substantive Merits and Sufficiency of the Claims

Plaintiff alleges (1) breach of contract, (2) conspiracy to defraud, (3) negligent misrepresentation, (4) intentional misrepresentation, (5) unjust enrichment, (6) imposition of a constructive trust, and (7) unfair business practices. Courts often consider the second and third Eitel factors together. See PepsiCo, 238 F. Supp. 2d at 1175; HTS, Inc. v. Boley, 954 F. Supp. 2d 927, 941 (D. Ariz. 2013). The second and third Eitel factors assess the substantive merit of the plaintiff's claims and the sufficiency of its pleadings, which "require that a plaintiff state a claim on which [it] may recover." PepsiCo, 238 F. Supp. 2d at 1177 (quotation marks omitted). Where, as here, a default has been entered, the factual allegations of each complaint together with other competent evidence submitted by the moving party are normally taken as true. See TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). However, the Court must still review the facts to insure that the plaintiff has properly stated claims for relief. See Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir.1992) (holding that "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-01307-CAS (AJWx) | Date | March 26, 2018 |
| Title | PHL VARIABLE INS. CO. V. CRESCENT FIN. & INS. AGENCY, INC., ET AL. | | |

### a.     Breach of Contract

PHL has adequately alleged facts supporting the elements of a breach of contract claim against Crescent.  To prevail on a breach of contract claim in California, a plaintiff must show "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff."  Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011).

Here, plaintiff demonstrated the existence of a contract by alleging that on May 20, 2014, PHL and Crescent entered into a Producer Agreement, which is attached to the complaint.  Compl. ¶ 6–7, Ex. A.  PHL alleges that it performed its obligations under the contract by paying annualized commissions.  Id. ¶ 21.  Crescent allegedly breached the Producer Agreement by implementing a premium discount and rebate scheme and failing to repay unearned commissions in violation of express contractual provisions, which state:

> Producer shall not discount premiums, except with the prior written approval from Phoenix, or engage in rebating in connection with the sale of Phoenix Product. . . . Except as otherwise provided in the Compensation Schedule(s), in the event of a chargeback of commissions, any compensation paid by Phoenix to Producer . . . shall be promptly repaid to Phoenix by Producer . . . Producer shall also refund any advanced commission or other compensation which become unearned because of non-payment of premiums. . . . If during the first contract year the Phoenix Product is terminated by reason of free look or total surrender, all compensation paid on the Phoenix Product shall be returned to Phoenix.

Id. ¶ 20; see also Turner Decl., Exs. A at 6, 10, 12, 15 & B.  Plaintiff further alleges that it was damaged by defendants' breach because it was forced to undertake extensive and expensive underwriting while defendants improperly retained commissions in the amount of $352,109.80.  Id. ¶ 11, 16, 23.  Accordingly, the Court finds that plaintiff has adequately pleaded all of the elements of its breach of contract claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:16-cv-01307-CAS (AJWx) | Date | March 26, 2018 |
| Title | PHL VARIABLE INS. CO. V. CRESCENT FIN. & INS. AGENCY, INC., ET AL. | | |

### b. Fraud Claims

Plaintiff's claims for conspiracy to defraud, intentional misrepresentation, and negligent misrepresentation all sound in fraud and are therefore subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. See Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003). However, PHL fails to sufficiently plead its claims with particularity. See id. at 1106 (holding that "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct alleged.") (internal quotation marks and citations omitted). It is not sufficient to merely identify the transaction, rather "[t]he plaintiff must set forth what is false or misleading about a statement and why it is false." Id. at 1106 (citations omitted).

To state a claim for intentional misrepresentation, a plaintiff must allege: (1) a false representation as to a material fact; (2) knowledge of its falsity; (3) intent to induce reliance; (4) actual and justifiable reliance; and (5) resulting damages. Do Sung Uhm v. Humana, Inc., 620 F.3d 1134, 1157 (9th Cir. 2010). The elements for negligent misrepresentation are the same as intentional misrepresentation, "except that it does not require knowledge of the falsity, but instead requires a misrepresentation of fact by a person who has no reasonable ground for believing it to be true." Cisco Sys., Inc. v. STMicroelectronics, Inc., 77 F. Supp. 3d 887, 897 (N.D. Cal. 2014). In addition to demonstrating fraud, a plaintiff alleging a conspiracy to defraud must establish "(1) the formation and operation of the conspiracy and (2) damage resulting to the plaintiff (3) from a wrongful act done in furtherance of the common design." Mosarah v. SunTrust Mortg., No. 1:11-CV-01739-AWI, 2012 WL 2117166, at *3 (E.D. Cal. June 11, 2012) (citations omitted). No claim for conspiracy to defraud lies if the plaintiff fails to allege facts satisfying the elements of an underlying fraud. Id.

PHL's allegations of fraud simply state that defendants "knowingly deceived PHL into issuing the policies" and engaged in conduct that would conceal defendants' breaches of the Producer Agreement. Compl. ¶ 29. In support of its claim for conspiracy to defraud, plaintiff alleges that "[d]efendants entered into a common plan, agreement and understanding to defraud PHL into issuing policies that it would not have issued had it been aware of the true facts and . . . to exploit to PHL's detriment, the fact that PHL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-01307-CAS (AJWx) | Date | March 26, 2018 |
| Title | PHL VARIABLE INS. CO. V. CRESCENT FIN. & INS. AGENCY, INC., ET AL. | | |

was contractually obligated to pay the defendants an annualized first year commission." Id. ¶ 26. However, these allegations are virtually indistinguishable from those supporting plaintiff's breach of contract claim. Plaintiff does not allege any specific false statement or otherwise plead "the who, what, when, where, and how of the misconduct alleged." Vess, 317 F.3d at 1106. Therefore, the Court finds that PHL's fraud allegations fall short of Rule 9(b)'s heightened pleading standard, and accordingly PHL has failed to state claims for conspiracy to defraud, intentional misrepresentation, and negligent misrepresentation. The Court therefore declines to enter default judgment in PHL's favor on these claims.

### c. Unjust Enrichment and Constructive Trust

Plaintiff also asserts claims for unjust enrichment and imposition of a constructive trust. Compl. ¶¶ 46–54. In California, unjust enrichment is a theory of recovery, not an independent legal claim. In re DirecTV Early Cancellation Litig., 738 F. Supp. 2d 1062, 1091 (C.D. Cal. 2010). Likewise, "a constructive trust is an equitable remedy, not a cause of action." Mattel v. MGA Entm't, Inc., 616 F.3d 904, 908–09 (9th Cir. 2010). While the Court will consider plaintiff's requests for restitution and imposition of a constructive trust insofar as they are appropriate forms of relief, the Court declines to consider these claims in weighing the second and third Eitel factors.

### d. Unfair Business Practices

Finally, plaintiff asserts a claim pursuant to California's UCL, which provides a cause of action for business practices that are (1) unlawful, (2) unfair, or (3) fraudulent. Cal. Bus. & Prof. Code § 17200. Each "prong" of the UCL provides a separate and distinct theory of liability. Lozano v. AT&T Wireless Servs., Inc., 504 F.3d 718, 731 (9th Cir. 2007). In its motion for default judgment, plaintiff does not explain its theory of liability under the UCL, but rather cites to a provision of California's Unfair Practices Act prohibiting "[t]he secret payment or allowance of rebates, refunds, commissions, or unearned discount . . . to the injury of a competitor and where such payment or allowance tends to destroy competition." Cal. Bus. & Prof. Code § 17045. However, this is a separate cause of action with three elements: (1) "there must be a 'secret' allowance of an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-01307-CAS (AJWx) | Date | March 26, 2018 |
| Title | PHL VARIABLE INS. CO. V. CRESCENT FIN. & INS. AGENCY, INC., ET AL. | | |

'unearned' discount"; (2) "there must be 'injury' to a competitor"; and (3) "the allowance must tend to destroy competition." Packaging Sys., Inc. v. PRC-Desoto Int'l, Inc., 268 F. Supp. 3d 1071, 1087 (C.D. Cal. 2017) (quoting Diesel Elec. Sales & Serv., Inc. v. Marco Marine San Diego, Inc., 16 Cal.App.4th 202, 212 (1993)).

To the extent plaintiff is alleging that Crescent's premium finance and rebating scheme violates the unlawful prong of the UCL based on a predicate violation of § 17045, "[i]f a plaintiff cannot state a claim under the predicate law, however, [the] Section 17200 claim also fails." Rudd v. Borders, Inc., No. 09cv832 BTM (NLS), 2009 WL 4282013, at *2 (S.D. Cal. Nov. 25, 2009). Here, plaintiff fails to state a claim under § 17045 because there are no allegations that Crescent's actions injured a competitor or tended to destroy competition. See Packaging Sys., 268 F. Supp. 3d at 1087. Insofar as plaintiff is asserting a UCL claim based on Crescent's allegedly fraudulent conduct, the claim sounds in fraud—and, as previously discussed, the complaint does not satisfy Rule 9(b)'s heightened pleading standards. See Wilson v. Frito-Lay N. Am., Inc., No. 12-1586 SC, 2013 WL 1320468, at *5 (N.D. Cal. Apr. 1, 2013). Accordingly, the Court declines to enter default judgment in plaintiff's favor on its UCL claim.

### 3. Sum of Money at Stake in the Action

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176; see Eitel, 782 F.2d at 1471–72. "This determination requires a comparison of the recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate." United States v. Broaster Kitchen, Inc., No. 2:14-cv-09421-MMM, 2015 WL 4545360, *6 (C.D. Cal. May 27, 2015); see also Walter v. Statewide Concrete Barrier, Inc., No. 04-cv-02559-JSW, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2016) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.").

Plaintiff seeks damages in the amount of $352,109.80 for the unearned commissions, prejudgment interest in the amount of $118,270.31, and $10,642.20 in attorneys' fees. Default Mot. at 8–9. Despite the considerable sum, the Court finds that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-01307-CAS (AJWx) | Date | March 26, 2018 |
| Title | PHL VARIABLE INS. CO. V. CRESCENT FIN. & INS. AGENCY, INC., ET AL. | | |

the requested damages comport with the chargebacks owed to PHL under the Producer Agreement, Turner Decl., Ex. A, and are commensurate with the conduct alleged in the complaint. Accordingly the fourth Eitel factor weighs in favor of the entry of default judgment.

### 4. Possibility of a Dispute Concerning the Material Facts

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. As previously explained, plaintiff adequately alleges its breach of contract claim. Furthermore, defendants' initial appearance and subsequent failure to defend the case indicate an absence of a dispute concerning the material facts. Therefore, the Court concludes that no factual disputes exist that would preclude the entry of default judgment on this claim and that the fifth Eitel factor weighs in favor of entering default judgment.

### 5. Possibility of Excusable Neglect

The sixth Eitel factor considers whether defendant's default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. Here, there is no indication that default was entered due to defendant's excusable neglect. Crescent was properly served summons and a copy of the complaint, dkts. 10, and thereafter filed an answer, dkt. 13. However, since the withdrawal of defendants' counsel, Crescent has failed to appear in subsequent proceedings or show cause why default should not be entered against it. Accordingly, this factor weighs in favor of entering default judgment.

### 6. Policy in Favor of Decisions on the Merits

Under the seventh Eitel factor, the Court takes into account the strong policy favoring decisions on the merits. See Eitel, 782 F.2d at 1472. However, "this preference, standing alone, is not dispositive." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (internal citation omitted). A party's failure to answer or appear makes a decision on the merits impractical, if not impossible. Id. Defendant's failure to retain new counsel, comply with court orders, or appear at pretrial conferences, makes a decision on the merits

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | | **'O'** |
| Case No. | 2:16-cv-01307-CAS (AJWx) | | Date | March 26, 2018 |
| Title | PHL VARIABLE INS. CO. V. CRESCENT FIN. & INS. AGENCY, INC., ET AL. | | | |

impractical. Thus, the seventh Eitel factor does not preclude the entry of default judgment against defendant.

### 7. Conclusion Regarding Eitel Factors

Apart from the policy favoring decisions on the merits, all of the remaining Eitel factors militate in favor of entering default judgment, including the merits of plaintiff's claims. See Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important Eitel factors.") (citations omitted). Consequently, the Court grants plaintiff's motion for default judgment against Crescent.

### B. Appropriate Relief

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977). "The Court considers Plaintiff's declarations, calculations, and other documentation of damages in determining if the amount at stake is reasonable." Xerox Corp. v. Am. Mail Centers, Inc., No. SACV160042DOCKESX, 2016 WL 10835982, at *4 (C.D. Cal. July 20, 2016).

Here, plaintiff seeks damages in the amount of $352,109.80 as prayed for in the complaint. Default Mot. at 4, 8–9. Plaintiff has provided a summary chart of the life insurance policies for which Crescent owes chargebacks, and a declaration explaining that defendants have an outstanding balance of $353,269 in unearned commissions for the lapsed policies. See Turner Decl., Exs. A & B. However, plaintiff's award of damages is limited by Rule 54(c), which states that "[a] judgment by default shall not be different in kind or exceed in amount that prayed for in the [complaint]." Fed. R. Civ. P. 54(c). Consistent with this rule, and plaintiff's own acknowledgement, the Court limits damages to $352,109.80 to the complaint's prayer for relief. In addition, the Court finds Crescent liable for the same amount in restitution to prevent Crescent's unjust

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-01307-CAS (AJWx) | Date | March 26, 2018 |
| Title | PHL VARIABLE INS. CO. V. CRESCENT FIN. & INS. AGENCY, INC., ET AL. | | |

enrichment. The Court accordingly imposes a constructive trust over defendants' wrongfully retained commissions in the amount of $352,109.80.

Plaintiff is also seeks $118,270.31 in prejudgment interest; however, plaintiff did not allege entitlement to prejudgment interest in its complaint. The Court therefore finds that an award of prejudgment interest would be inconsistent with Rule 54(c). See Landstar Ranger, Inc. v. Parth Enterprises, Inc., 725 F. Supp. 2d 916, 923 (C.D. Cal. 2010) ("Because plaintiff did not pray for such damages in the complaint, and no meaningful notice of the possibility that such amounts would be awarded has been given, plaintiff cannot recover prejudgment interest."). Accordingly, the Court finds it appropriate to award plaintiff damages in the amount of $352,109.80, but declines to award prejudgment interest.

Finally, plaintiff seeks an award of reasonable attorneys' fees. In diversity actions, federal courts apply state law with regard to attorneys' fees. See Diamond v. John Martin Co., 753 F.2d 1465, 1467 (9th Cir. 1985). Cal. Civ. Code § 1717 provides that where a contract contains a fee-shifting provision, the prevailing party "shall be entitled to reasonable attorneys' fees in addition to other costs." Here, the Producer Agreement states that "the Party that is found . . . to have committed such breach shall be liable for reasonable legal fees incurred by the aggrieved Party." Turner Decl., Ex. A at 7. When a contract or applicable statute provides for the recovery of reasonable attorneys' fees, Local Rule 55–3 provides that the amount of fees is calculated according to a fixed schedule. See C.D. Cal. L.R. 55–3. Where the amount of the judgment exceeds $100,000, the movant is entitled to a $5,600 base award plus two percent of the amount over $100,000. Id. Accordingly, the Court finds that plaintiff is entitled to reasonable attorneys' fees in the amount of $10,642.20.

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion for default judgment with respect to its breach of contract claim, and **DENIES** plaintiff's motion for default judgment with respect to all other claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-01307-CAS (AJWx) | Date | March 26, 2018 |
| Title | PHL VARIABLE INS. CO. V. CRESCENT FIN. & INS. AGENCY, INC., ET AL. | | |

### D. Motion for Sanctions and Entry of Default Against Monday

Plaintiff moves for sanctions against Monday based on his failure to comply with the Court's discovery orders and his absence at two pretrial conferences. Sanctions Mot. at 2. On February 12, 2018, the Court ordered Monday to show cause in writing not later than February 26, 2018, why his answer should not be stricken and default entered against him for failure to appear at a Court-ordered hearing. Dkt. 51. Because Monday has failed to respond to the order to show cause, the Court finds that sanctions are warranted. Moreover, Monday previously failed to appear at the pretrial conference on November 17, 2017, dkt. 49, and has not complied with the Magistrate Judge Wistrich's discovery orders, dkts. 39, 43. For these reasons, the Court will strike Monday's answer and direct the Clerk to enter default against him.

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** in part and **DENIES** in part plaintiff's motion for entry of default judgment against defendant Crescent. Specifically, the Court **GRANTS** the motion with respect to plaintiff's breach of contract claim. The Court **DENIES** the motion with respect to all remaining claims.

It is hereby **ORDERED** that judgment be entered in favor of plaintiff. Defendant shall be liable to plaintiff in the amount of $362,752, which is comprised of: $352,109.80 in damages $10,642.20 in attorneys' fees.

Monday's answer is hereby **STRICKEN** and the Clerk is directed to enter default against Monday.

IT IS SO ORDERED.

| | 00 | : | 03 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |