| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-01307-CAS (AJWx) | Date | April 30, 2018 |
| Title | PHL VARIABLE INS. CO. V. CRESCENT FIN. & INS. AGENCY, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: | |
| Kendall Burr | Not Present | |

**Proceedings:** PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST MICHAEL C. MONDAY (Dkt. 84, filed March 30, 2018)

On February 25, 2016, plaintiff PHL Variable Insurance Company ("PHL") brought this action against defendants Crescent Financial & Insurance Agency, Inc. ("Crescent") and Michael C. Monday ("Monday"), Crescent's President and Director. Dkt. 1 ("Compl."). Plaintiff asserts seven claims: (1) breach of contract, (2) conspiracy to defraud, (3) negligent misrepresentation, (4) intentional misrepresentation, (5) unjust enrichment, (6) imposition of constructive trust, and (7) unfair business practices in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq. Id. The gravamen of the complaint is that defendants operated a premium finance and rebating scheme in violation of a "Producer Agreement" with PHL, breaching their obligation to repay unearned commissions on the balance of insurance policies that had lapsed within a year of issuance. Id.

On March 26, 2018, the Court entered default judgment against Crescent on plaintiff's breach of contract claim, awarding $352,109.80 in damages. Dkt. 82 ("Order") at 6, 13. The Court held Crescent liable for the same amount in restitution to prevent unjust enrichment, and accordingly imposed a constructive trust over defendants' wrongfully retained commissions. Id. at 11–12. However, the Court determined that the complaint did not allege facts sufficient to state claims sounding in fraud or for unfair business practices in violation of the UCL. Id. at 7–9. The Court awarded plaintiff reasonable attorneys' fees in the amount of $10,642.20. Id. at 12. Because Monday had failed to comply with numerous court orders, the Court ordered that his answer be stricken; and the Clerk entered default against him. Id. at 13; dkt. 83. On March 30, 2018, plaintiff filed the instant motion for default judgment against Monday. Dkt. 84 ("Mot.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-01307-CAS (AJWx) | Date | April 30, 2018 |
| Title | PHL VARIABLE INS. CO. V. CRESCENT FIN. & INS. AGENCY, INC., ET AL. | | |

The Court adopts the findings and conclusions of its March 28 Order herein.[1]  See Order at 5–13 (applying factor test pursuant to Eitel v. McCool, 782 F.2d 1470–72 (9th Cir. 1986)).  However, the Court notes that Monday does not appear to be a party to the Producer Agreement, but rather signed in his capacity as Director of Crescent.  See dkt. 84-2, Affidavit of Nancy B. Turner ("Turner Aff."), Ex. A at 8.  Plaintiff makes no allegations of alter ego liability.[2]  However, according to the complaint, Monday appointed himself as a sub-producer and "Representative" under the Producer Agreement and was thereby authorized to solicit for sale certain insurance products pursuant to its terms.  Compl. ¶ 8.  Plaintiff alleges that Monday, through Crescent, "operated a premium finance and rebating scheme in violation of the Producer Agreement."  Id. ¶ 13.  The Producer Agreement explicitly provides that unearned commissions must be repaid, both by Crescent and appointed "Representative" sub-producers like Monday.  See Turner Aff., Ex. A at 6.

---

[1] The Court declines plaintiff's request to reconsider its finding that the complaint fails to state a claim for a violation of the UCL.  See Mot. at 7–8.  The Court determined that plaintiff failed to establish a predicate violation of Cal. Bus. & Prof. Code § 17045 and accordingly failed to state a claim under UCL's "unlawful" prong.  Order at 8–9.  Plaintiff now contends that the allegations state a claim under the "unfair" prong because defendants "systematically breached" the Producer Agreement.  Mot. at 8.  Generally, however, "a common law violation such as breach of contract is insufficient" to establish a UCL violation.  Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1044 (9th Cir. 2010); see also Puentes v. Wells Fargo Home Mortg., Inc., 160 Cal. App. 4th 638, 645 (2008) (holding that, without more, a breach of contract cannot be a predicate for UCL liability as a matter of law).

[2] Plaintiff asks the Court to take judicial notice of publicly available records indicating that Monday is the only natural person that manages Crescent, and is the company's Chief Executive Officer, Chief Financial Officer, and Secretary.  See dkt. 84-1, Declaration of David L. Villarreal ¶ 6, Exs. A–C.  To the extent plaintiff seeks to establish alter ego liability based on these documents, the Court finds that plaintiffs have failed to allege facts sufficient to establish Monday's liability for breach of contract based on an alter ego theory.  See Leek v. Cooper, 194 Cal. App. 4th 399, 415–17 (2011) ("[a]n allegation that a person owns all of the corporate stock and makes all of the management decisions is insufficient to cause the court to disregard the corporate entity.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'   JS-6** |
|---|---|---|---|
| Case No. | 2:16-cv-01307-CAS (AJWx) | Date | April 30, 2018 |
| Title | PHL VARIABLE INS. CO. V. CRESCENT FIN. & INS. AGENCY, INC., ET AL. | | |

   Although the Court declines to hold Monday liable for contract damages based on an alter ego theory, the Court will nevertheless enter default judgment against Monday and award plaintiff restitution via a constructive trust to prevent his unjust enrichment. "Under California law, the elements of unjust enrichment are: (1) receipt of a benefit; and (2) unjust retention of the benefit at the expense of another." Baggett v. Hewlett-Packard Co., 582 F. Supp. 2d 1261, 1270 (C.D. Cal. 2007). In addition, to establish a constructive trust pursuant to Cal. Civ. Code § 2224, a plaintiff must demonstrate: "[1] the existence of a res (property or some interest in property), [2] the plaintiff's right to that res, and [3] the defendant's gain of the res by fraud, accident, mistake, undue influence, the violation of a trust or other wrongful act." Calistoga Civic Club v. City of Calistoga, 143 Cal. App. 3d 111, 116 (1983). "[T]he wrongful act giving rise to a constructive trust need not amount to fraud or intentional misrepresentation. All that must be shown is that the acquisition of the property was wrongful and that the keeping of the property by the defendant would constitute unjust enrichment." Id. The Court finds that plaintiff has satisfied the foregoing requirements and is therefore entitled to these equitable remedies.

   Accordingly, the Court hereby **GRANTS** plaintiff's motion for entry of default judgment against Monday. The Court further **ORDERS** that a constructive trust be imposed on the commissions wrongfully retained by Monday in the amount of $352,109.80.

   IT IS SO ORDERED.

|  | 00 : 01 |
|---|---|
| Initials of Preparer | CMJ |